DOMENGEAUX, Judge,
dissenting.
In State v. Belton, supra (cert. denied U.S. Supreme Court), the Louisiana Supreme Court applied La.Code Crim.Proc. art. 215.1 to affirm the denial of the defendant’s motion to suppress certain evidence. The vote for affirmation in that case was five to two, with one concurring vote.
To me, Belton suggests a lessening of the heretofore stringent jurisprudential rules which make it very difficult for law enforcement personnel to make a valid arrest under art. 215.1. An affirmation in this case would continue in that wise direction.
Of particular significance in this case and in Belton is the fact that both arrests were made in well known drug trafficking areas.
In Belton, the defendant was standing with others outside a bar which was known as a notorious narcotics outlet. The defendant immediately appeared nervous when he saw the officers drive into the parking lot. As the officers stopped their vehicle and got out of the car, the defendant suddenly turned around and ran into the bar. Upon seeing the defendant flee, the officers went after him, identified themselves as police officers, called the defendant by name, and ordered him to stop. The defendant did not. At this point, according to the Belton opinion, the officers had reasonable cause to believe the defendant was engaged in criminal conduct.
In the ease sub judice, the defendant and a companion were standing in front of a vacant house located on a well known drug trafficking block. As the police officers approached this pair, the defendant became visibly nervous. When asked for identification, the defendant abruptly turned and began to walk away. He then failed to comply with the officer’s instructions to stop. As he walked away, one of the officers observed the defendant’s hands moving in his pockets, with something in his right hand. At this point, under the Bel-ton rationale, it seems to me the officers had reasonable cause to believe the defendant was engaged in criminal conduct.
The totality of all circumstances in the case sub judice dictate an affirmation of the trial court’s ruling.
Finding no violation of the defendant’s federal and state constitutional guarantees against unreasonable searches and seizures, I respectfully dissent from the majority opinion, and would send this case back to the district court for trial.